UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL KIMM,

                Plaintiff,

                                                                **ORDER**

      -against-                                     15-CV-0029 (SJF)(ARL)

KYU SUNG CHO,

                Defendant.
------------------------------------------------------------X
FEUERSTEIN, J.

      Plaintiff Michael Kimm ("Plaintiff") and Defendant Kyu Sun Cho ("Defendant") each filed objections to the Report and Recommendation ("Report") of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated February 3, 2016 (Dkt. 33), which recommends that this Court (1) deny Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 19 (each individually, a "Rule") for failure to join a necessary party; (2) deny Defendant's motion to dismiss the complaint for failure to comply with Part 1:20A-6 of the Rules Governing the Courts of the State of New Jersey; (3) deny Defendant's motion for sanctions pursuant to Rule 11; and (4) deny Plaintiff's motion for summary judgment pursuant to Rule 56, seeking attorneys' fees in the amount of one hundred ninety-one thousand, five hundred and two dollars and fifty cents ($191,502.50).[1] For the following reasons, the Report is modified as set forth herein and, as modified, is accepted in its entirety.

      Also before the Court is Plaintiff's "motion to enjoin vexatious mutiplicitous filings of this dispute" (Dkt. 24), which was not referred to Judge Lindsay. To the extent that motion has

---

[1] Defendant objected only to that portion of Judge Lindsay's Report that recommends that the Court deny Defendant's motion to dismiss for failure to join an indispensable party under Rule 11. (*See* Def's Obj. (Dkt. 35) at 1-3).

not been mooted by subsequent events, it is granted.

## I. THE REPORT

### A. Standard of Review

Rule 72 permits a district court to refer pre-trial dispositive motions to a magistrate judge for recommendation without the consent of the parties. *See* Fed. R. Civ. P. 72(b); *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002). A district court will review any portion of a report and recommendation concerning dispositive matters to which a specific, timely objection is filed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge to which no proper objections were filed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives … review of a decision in a magistrate judge's Report and Recommendation if the party fails to timely file objections designating the particular issue.").

A district court may accept those portions of a magistrate judge's report and recommendation to which no proper objections were filed so long as it is satisfied that there are no clear errors on the face of the report. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (where no timely objections were filed, court may review report and recommendation for "plain error"). Regardless of whether proper objections were filed, a district court may accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc.*, 295 F.R.D. 1, 2 (E.D.N.Y. 2013); *North Shore-Long Island Jewish Health Care System, Inc. v. MultiPlan, Inc.*, 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B. **Defendant's Motion to Dismiss**

Defendant argues, without citing to any authority, that Judge Lindsay's analysis of his motion to dismiss for failure to join an indispensable party is incorrectly premised on the "assumption that Defendant Cho is 'jointly and severally liable' for the alleged attorney's fee billed by Plaintiff Kimm in connection with the underlying FLSA matter." (*See* Def's Obj. (Dkt. 35) at 1). The crux of Defendant's argument is that even though Plaintiff represented both Defendant and his company, Dongbu Tour & Travel, Inc. ("Dongbu"), "[t]here is nothing in the record that would personally obligate [Defendant] to make payment by operation of law, especially in the absence of a signed retainer agreement." (*Id.* at 2-3). This argument is without merit.

As discussed below (*infra* at 4-6), this Court finds that, although unsigned by Defendant, the April 2, 2012 retainer agreement between Plaintiff, on the one hand, and Defendant and Dongbu, on the other (hereinafter, "Agreement")[2], constitutes a valid and binding contract between the parties. The Agreement names both Defendant and Dongbu as "Client" and obligates the "Client" to pay Plaintiff's legal fees. (*See* Agreement at ¶¶ 2-3). The Agreement is governed by New York law, and, as discussed below (*infra* at 5-6), that choice-of-law clause is valid and enforceable. (*See id.* at ¶ 9). "Under New York law and '[s]ettled rules governing the interpretation of contracts … when two or more entities take on a[ ] [contractual obligation] … they [generally] do so jointly." *NYKCool A.B. v. Pacific Fruit, Inc.*, 507 Fed. Appx. 83, 87 (2d Cir. 2013) (quoting *Wujin Nanxiashu Secant Factory v. Ti-Well Int'l Corp.*, 22 A.D. 3d 308, 310-11 (1st Dep't 2005)); *see also* Restatement (Second) of Contracts § 289(1) ("Where two or more

---

[2] Declaration of Michael S. Kimm in Support of his Motion for Summary Judgment and in Opposition to Defendant's Motion to Dismiss, dated June 15, 2015 ("Kimm Decl."), at Exs. 6, 7.

parties to a contract promise the same performance to the same promisee, each is bound for the whole performance thereof, whether his duty is joint, several, or joint and several.").

Defendant and Dongbu are jointly and severally liable for Plaintiff's legal fees, and Dongbu is not an indispensable party under Rule 19 for the reasons set forth in the Report. Accordingly, Defendant's motion seeking dismissal of Plaintiff's complaint for failure to join an indispensable party under Rule 19 is denied.

### C. Plaintiff's Motion for Summary Judgment

#### 1. Breach of Contract

Plaintiff argues that Judge Lindsay erred in concluding that issues of fact preclude summary judgment on the questions of (i) whether the Agreement is enforceable, and (ii) whether Defendant breached the Agreement by failing to pay Plaintiff's fees. (*See* Pl's Obj. (Dkt. 36) at 22-26).

As Judge Lindsay correctly noted, under both New York and New Jersey law, an unsigned contract may be enforceable where there is objective evidence of an intent to be bound. *See 10 Ellicot Square Court Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 124 (2d Cir. 2011) ("[A]n unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound.") (quoting *Flores v. Lower E. Side Serv. Ctr., Inc.*, 4 N.Y.3d 363, 368 (2005); *Rosenthal v. HDOX Bioinformatics, Inc.*, 2014 WL 7735885, at *6 (N.J. Super. Ct. App. Div. Feb. 3, 2015) ("While plaintiff need not have signed the Note, an enforceable contract requires agreement as to essential terms and the manifestation of an intent to be bound.") (citing *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992)). It was, however, incorrect to conclude that summary judgment is not appropriate with respect to the enforceability

4

of the Agreement and the application of New York law in accordance with the Agreement's choice-of-law clause.

Plaintiff transmitted the Agreement to Defendant at least twice: first on April 3, 2012, and again on April 6, 2012. (*See* Kimm. Decl. at ¶¶ 7-8, Exs. 5-6). Plaintiff proceeded to represent Defendant and Dongbu in a federal lawsuit filed by a class of Dongbu employees for unpaid wages for the next eighteen (18) months, until Plaintiff withdrew from the case in November 2013. (*See id.* at ¶¶ 20-113). Defendant admits that he retained Plaintiff with respect to that litigation, and Defendant and/or Dongbu made partial payments under the Agreement totaling one hundred and thirty-three thousand dollars ($133,000). (*See id.* at ¶ 13; Def's Resp. to Pl's Stmt. Of Material Facts (Dkt. 29-6) at ¶ 2). In short, the parties' conduct renders the Agreement enforceable notwithstanding Defendant's failure to sign it. *See, e.g., NYKCool*, 507 Fed. Appx. At 86 ("the parties' substantial performance on the contract weighs strongly in favor of contract formation"); *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 75-76 (2d Cir. 1984) ("[P]artial performance is an unmistakable signal that one party believes there is a contract; and the party who accepts performance signals, by that act, that it also understands a contract to be in effect.").

While neither party adequately briefed the issue of the enforceability of the Agreement's New York choice-of-law clause, it is enforceable. Judge Lindsay correctly noted that even where there is an otherwise enforceable choice-of-law clause, the Court still must determine that New York "has sufficient contacts with the transaction." *Aramarine Brokerage, Inc. v. OneBeacon Ins. Co.*, 307 Fed. Appx. 562, 564 (2d Cir. 2009). However, where a contract contains a choice-of-law clause, the analysis is weighted towards enforcing that clause. "In New York, courts generally will enforce choice-of-law clauses in contracts 'so long as the chosen law

5

bears a reasonable relationship to the parties or the transaction." *Hedgeco, LLC v. Schneider*, No. 08-cv-494(SHS), 2009 WL 1309782, at *3, n.1 (S.D.N.Y. May 7, 2009) (quoting *Welsbach Elec. Corp. v. MasTec North Am., Inc.*, 7 N.Y.3d 624, 629 (2006)). Where a contract contains a choice-of-law clause, the party challenging it "bears the burden of showing that it is unenforceable." *McPhee v. General Elec. Intern., Inc.*, 736 F. Supp. 2d 676, 680 (S.D.N.Y. 2010) (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1362 (2d Cir. 1993)). Defendant has not met that burden.

Defendant is a New York domiciliary and Dongbu is a New York corporation. (*See* Compl. ¶ 2; Def's Mem. In Support of Motion to Dismiss, dated May 28, 2015 (Dkt. 28-10) at 5). In light of the Agreement's clear choice-of-law clause, the fact that two (2) of the three (3) parties to the Agreement are New York domiciliaries, and Defendant's failure to raise any viable arguments to the contrary, New York law applies. *See Valley Juice Ltd., Inc. v. Evian Waters of France, Inc.*, 87 F.3d 604, 608 (2d Cir. 1996) (noting that the Restatement (Second) Conflict of Laws "makes clear that the incorporation of one party in the state whose law is chosen under the contract is sufficient to satisfy any applicable contacts requirement"); *McPhee*, 736 F. Supp. 2d at 681.

Having determined that the Agreement is enforceable and New York law applies, Plaintiff must also establish breach and damages to succeed on his motion for summary judgment. Defendant does not contest that he failed to pay attorneys' fees under the Agreement or that Plaintiff suffered damages as a result. In order to prevail on his breach of contract claim, Plaintiff must also establish that the Agreement's terms are "fair, reasonable, and fully known and understood by [the] clients." *Albunio v. City of New York*, 23 N.Y. 65, 71 (2014). Plaintiff has met this burden.

The three (3)-page Agreement is simple, straightforward, and well within the comprehension of a business owner like Defendant. It clearly sets forth Plaintiff's and his associates' hourly fees (at ¶ 2) and the monthly retainer payments (at ¶ 3), and Plaintiff's periodic bills (Kimm Decl., Ex. 8) reflected the work performed and did not deviate from the amounts stated in the Agreement. Plaintiff's hourly rates of five hundred dollars ($500) for his work and up to two hundred and fifty dollars ($250) for associates' work is well within the range of reason in this geographic area. *See Pyatt v. Raymond*, No. 10-cv-8764(CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases stating that fees between $400 and $650 per hour are reasonable for experienced attorneys); *Union of Orthodox Jewish Congregations of America v. Royal Food Distributors Ltd., Liability Co.*, 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) (hourly rates of $735 for a partner and $445 for an associate were reasonable). Furthermore, Defendant had experience working with other outside counsel prior to retaining Plaintiff. (*See* Kimm Decl. at ¶ 14). His failure to ever object to the terms of the Agreement or object in a timely manner to any of the invoices he received from Plaintiff belies any notion that either the Agreement or the fees Plaintiff charged thereunder were unfair, unreasonable, or not fully understood by Defendant.

Accordingly, Plaintiff's motion for summary judgment on his breach of contract claim is granted.

2. **Account Stated**

Plaintiff argues that Judge Lindsay erred in concluding that an email from Plaintiff to Defendant in which Plaintiff states that "I have reviewed and re-reviewed the billing statements and I have deleted and removed many entries…" and that "[y]our disputes are complex and time-

7

consuming" creates an issue of fact that precludes summary judgment in favor of Plaintiff on his account stated claim. (*See* Pl's Obj. (Dkt. 36) at 14-22).

"A plaintiff is entitled to summary judgment on an account stated if it makes a *prima facie* showing that it sent regular invoices or statements to a debtor and that the debtor did not object to such invoices or statements within a reasonable time." *Wesco Distribution, Inc. v. Anshelewitz*, No. 06-cv-13444(PKC), 2008 WL 2775005, at 6 (citing *Citibank (South Dakota) N.A. v. Jones*, 272 A.D.2d 815, 816 (3d Dep't 2000)). "It is incumbent upon a party in receipt of an account to examine the statement and make all necessary objections … within a reasonable amount of time." *Id.* (citing *Lankler Siffert & Wohl, LLP v. Rossi*, 287 F. Supp. 2d 398, 407 (S.D.N.Y. 2003)). While there is no firm cutoff for what does or does not constitute a "reasonable amount of time" in the context of an account stated claim, courts have held that a debtor's failure to object to an invoice for five (5) months is unreasonable. *See Navimex S.A. De C.V. v. S/S Northern Ice*, 617 F. Supp. 103, 105 (S.D.N.Y. 1984); *Levine v. Harriton & Furrer, LLP*, 92 A.D.3d 1176, 1179-80 (3d Dep't 2012).

Plaintiff sent Defendant invoices in June 2012, September 2012, December 2012, March 2013, and June 2013. (Kimm Decl. at ¶ 13, Ex. 8). Defendant points to a July 2, 2013 email from Plaintiff to Defendant in which Plaintiff wrote that "I have reviewed and re-reviewed the billing statements and I have deleted and removed many entries…" and that "[y]our disputes are complex and time-consuming" as the sole evidence of Defendant's purported verbal objections to Plaintiff's invoices. (*See* Def's Opp. Mem. (Dkt. 29-5) at 6-7; Reply Declaration of Michael S. Kimm, dated July 13, 2015 (Dkt. 29-9) at ¶ 16). Defendant fails to specify exactly when he made an objection or specifically what he objected to. At best, from Defendant's standpoint, this email from Plaintiff creates an inference that Defendant might have objected to Plaintiff's bills in

8

some manner on or about July 2, 2013, when Plaintiff sent the email. At the Court's request, Defendant wrote a letter on March 3, 2016 clarifying which of Plaintiff's billing entries he found objectionable. (*See* Def's Ltr. (Dkt. 43) at 1-2). Apart from one-half (0.5) of an hour of associate time billed on March 21, 2013, the rest of the purportedly objectionable time was billed between March 30, 2012 and November 28, 2012.

Even assuming arguendo that Defendant did object to these entries around the time that Plaintiff sent this email on July 2, 2013, it was many months after the purportedly objectionable billing entries were generated, and thus insufficient to defeat Plaintiff's motion for summary judgment on his account stated claim. Accordingly, Plaintiff's motion for summary judgment on his account stated claim is granted.

### 3. Quantum Meruit and Unjust Enrichment

As discussed above, the Agreement between Plaintiff and Defendant is enforceable and governs Plaintiff's claims in this action. Where one has a viable breach of contract claim, he cannot recover under quantum meruit or unjust enrichment theories. *See Mid-Hudson Catskill Rural Migrant Ministry, Inc.*, 418 F.3d 168, 175-77 (2d Cir. 2005) (no recovery under quantum meruit or unjust enrichment theories, which are analyzed together as a single quasi-contract claim, where there is a valid, enforceable contract that governs the same subject matter). Accordingly, Plaintiff's motion for summary judgment on his quantum meruit and unjust enrichment claims is denied.

## II. CONCLUSION

For the foregoing reasons, the Report is modified as set forth herein and, as modified, the Report is accepted in its entirety. For the reasons set forth herein and in the Report, (i) Defendant's motion to dismiss under Rule 19 is denied; (ii) Defendant's motion to dismiss the

9

complaint for failure to comply with Part 1:20A-6 of the Rules Governing the Courts of the State of New Jersey is denied; (iii) Defendant's motion for sanctions pursuant to Rule 11 is denied; and (iv) Plaintiff's motion for summary judgment is granted as to his breach of contract and account stated claims and denied as to his quantum meruit and unjust enrichment claims. Plaintiff's invoices reflect an amount of one hundred sixty-nine thousand, two hundred and two dollars and fifty cents ($169,202.50) due and owing from Defendant and Dongbu. (*See id.*, Ex. 8). The invoices that Plaintiff issued to Defendant do not support Plaintiff's claim of entitlement to an additional twenty-one thousand, three hundred dollars ($21,300). (*See id.* at ¶ 127). Accordingly, Plaintiff's motion for summary judgment on his breach of contract and account stated claim is granted in the amount of one hundred sixty-nine thousand, two hundred and two dollars and fifty cents ($169,202.50).

Finally, on June 24, 2015, Plaintiff filed a motion "to enjoin vexatious multiplicitous filings of this dispute," in which he asks the Court to issue an Order enjoining Defendant from attempting to initiate any further arbitration proceedings in connection with the parties' present dispute. (*See* Dkt. 24). Plaintiff subsequently reported that the New Jersey arbitration tribunal in which Defendant attempted to initiate these proceedings rejected jurisdiction in light of the present case, seemingly mooting this motion. To the extent this motion is not moot, Defendant is hereby ordered to cease all arbitration proceedings against Plaintiff related to the dispute before this Court, and not to attempt to initiate any further such proceedings.

The Clerk of the Court is directed to enter judgment in favor of Plaintiff in the amount of one hundred sixty-nine thousand, two hundred and two dollars and fifty cents ($169,202.50), and to close this case.

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: March 31, 2016
       Central Islip, New York